UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WCGS & Co., a New Jersey Corporation, d/b/a HERITAGE FINANCIAL RECOVERY SERVICES, | Hon. Dennis M. Cavanaugh |
| | **OPINION** |
| Plaintiff, | Civil Action No. 2:13-cv-02510 (DMC) (JBC) |
| v. | |
| PNC FINANCIAL SERVICES GROUP, INC., PNC BANK, National Association, JAMES ROHR, JOHN KRAULAND, ROBERT STRUNK, VINCENT JOHNSON, STEVE KHOURY, GARY URSCHLER, TOM WITTMAN, BEVERLY BORTZ, MARYANN VACCA, CAROLYN LEE, AMANDA HEINZ, MATTHEW BOYER, WILLIAM WILLIAMS, RANDALL COSTANZA and JOHN DOES 1 through 100, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon (1) a motion for partial dismissal brought by Defendants PNC Financial Services Group, Inc., PNC Bank, James Rohr, John Krauland, Robert Strunk, Vincent Johnson, Steve Khourny, Gary Urschler, Tom Wittman, Beverly Bortz, Maryann Vacca, Carolyn Lee, Amanda Heinz, Matthew Boyer, William Williams and Randall Costanza (collectively "Defendants") pursuant to FED. R. CIV. P. 12(b)(6) (May 9, 2013, ECF No. 7) and (2) a motion to transfer venue brought by Defendants pursuant to 28 U.S.C. § 1404(a) (May 9, 2013, ECF No. 8). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the

1

following and for the reasons expressed herein, Defendants' motion to transfer is **granted** and motion for partial dismissal is **denied without prejudice.**

## I. BACKGROUND[1]

Defendant PNC Bank ("PNC") entered into a Collection Services Agreement (the "CSA") with Plaintiff WCGS & Co., d/b/a Heritage Financial Recovery Services ("Plaintiff" or "Heritage") in April 2010, in which PNC agreed to engage Plaintiff's debt-collection services in order to obtain payment on delinquent customer accounts owned by PNC. PNC agreed that for each payment received from an account assigned to Plaintiff, Plaintiff would be paid a fee or commission equal to an agreed-upon percentage of the payment received. Although the delinquent accounts assigned to Plaintiff were instructed to make payment to Plaintiff, on occasion debtors would make payments directly to PNC. In that event, Plaintiff was still to be compensated in the same manner as if the payment had been made to Plaintiff. Paragraph 22 of the CSA contains a forum selection clause stating that Plaintiff "hereby irrevocably consents to the exclusive jurisdiction of any state or federal court for the county or judicial district located in Pittsburgh, Allegheny County, Pennsylvania." The forum selection clause states further that both PNC and Plaintiff "agree that the venue provided above is the most convenient forum for both [PNC] and the [Plaintiff]. The [Plaintiff] waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Agreement."

On December 11, 2012, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Bergen County alleging breach of contract, conversion and fraud arising from a fraudulent scheme to hide direct payments made to PNC on accounts which had been submitted by PNC to Heritage for collection under the CSA. Specifically, Plaintiff's Complaint

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

2

asserts the following Counts: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) conversion; (4) fraudulent breach of trust; (6) common law fraud and misrepresentation; (7) civil conspiracy; (8) aiding and abetting; (9) negligent misrepresentation; (10) unjust enrichment; and (11) quantum meruit. On April 18, 2013 Defendants removed the action to this Court.

On May 9, 2014 Defendants filed a motion for partial dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6). (ECF No. 7). In this motion, Defendants assert that all the counts in the Complaint sounding in tort or quasi-contract and all claims asserted against individual officers or employees of PNC fail to state a cause of action and should be dismissed. Defendants also filed a motion to dismiss Plaintiff's Complaint based on the forum selection clause or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a). (ECF No. 8).

## II. LEGAL STANDARD

### a. Motion to Dismiss Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to

3

relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'– that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

### b. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

The decision of whether to transfer a case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09–2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010). In relevant part, 28 U.S.C. § 1404(a) states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it may have been brought." In construing the statutory language of 28 U.S.C. § 1404(a), the Third Circuit has pointed out that "commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir. 1995). As enumerated by the Jumara Court,

> There are a number of relevant private and public factors a court should consider in deciding a motion to transfer. The private factors include: (1) Plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora. The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-880. The Court must therefore conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988) (internal citations omitted)). The burden of persuasion falls upon the moving party on a motion to transfer. Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 502 (D.N.J. 1998). However, when a contract contains a forum selection clause, the burden shifts and "the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." Jumara, 55 F.3d at 879-80.

### c. Enforcement of Forum Selection Provisions

While a valid forum selection clause does not oust a court of its jurisdiction, "a court should decline to adjudicate a matter governed by a mandatory forum selection clause that vests authority in a different jurisdiction." Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech. AG, 440 F. Supp. 2d 357, 362 (D.N.J. 2006). Forum selection clauses are presumptively valid and enforceable. Id. This presumption is rebutted only when the party opposing enforcement of the forum selection provision can "make a strong showing, either that the forum thus selected is so gravely difficult

and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching." Id. (quoting Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir.) cert. denied, 502 U.S. 908 (1991)). Additionally, this Court may not enforce a forum selection clause that is unreasonable or a clause that violates a strong public policy of the forum. See Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp.2d 560, 564-65 (D.N.J. 2000) (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), overruled on other grounds, Lauro Lines v. Chasser, 490 U.S. 495 (1989)).

### III. DISCUSSION

#### a. The Forum Selection Clause

Defendants have moved to transfer this action to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division pursuant to the forum selection clause in the CSA signed by Plaintiff and PNC in which both parties agreed to the exclusive jurisdiction of the state and federal courts in Pittsburgh, Allegheny County, Pennsylvania. Plaintiff asserts that the forum selection clause is invalid because the CSA was offered by PNC on a take-it-or-leave-it basis and was neither negotiated for nor discussed by the parties. Plaintiff also points to the discrepancy in bargaining power between a large national bank and a small collection company. Under federal law, a forum selection clause is presumptively valid and enforceable unless the objecting party "establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983); see also M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972).

### i. Forum Selection Was Not Procured by Fraud

Plaintiff does not allege that it was actually deceived or coerced into agreeing to the CSA or that Plaintiff was not aware of the forum selection clause. Plaintiff's argument is based on unequal bargaining power, lack of negotiations and being offered the agreement on a take-it-or-leave-it basis. As this Court has previously held in upholding a similar forum selection clause against analogous claims of lack of equal bargaining power and lack of negotiations:

> The fact that there may not have been actual negotiations over [a forum selection] clause does not affect its validity. Furthermore, while unequal bargaining power can be grounds for not enforcing a forum selection clause, the party opposing enforcement of the clause must still overcome the presumption in favor of enforcement by 'demonstrating an overweening bargaining position.'

Bonanno v. Quiznos et al., No. 06-cv-01415 (DMC), 2006 WL 3359673 at *3 (D.N.J. Nov. 17, 2006) (internal citations omitted). The Court finds that Plaintiff has not demonstrated an overweening bargaining position sufficient to overcome the presumption in favor of enforcement. Plaintiff is a sophisticated corporation that chose to enter into a contract with PNC to collect consumer debts. Plaintiff is not a captive individual consumer who was put in a take-it-or-leave it position for basic necessities. The Court therefore finds no basis to invalidate the forum selection clause simply because PNC is a larger corporation than Plaintiff.

### ii. The Forum Selection Clause Is Not Contrary to New Jersey Public Policy

Plaintiff asserts that enforcement of the forum selection clause would deprive New Jersey of protecting its citizens from the misdeeds of a national banking association that does business in the state. Plaintiff, however, has not provided any law or authority to support this position or explained why the same public policy concern would not apply to Pennsylvania. Plaintiff has thus failed to demonstrate any strong public policy interest in litigating this matter in New Jersey.

### iii. Litigation in Pennsylvania would not be so seriously inconvenient as to be unreasonable.

Plaintiff's primary reasons for why it would be inconvenient to litigate this matter in Pennsylvania are the expense of retaining counsel as well as travel time and expenses. As to the expense of retaining counsel, Plaintiff will have to retain counsel to litigate the matter regardless of whether it is litigated in New Jersey or Pittsburgh. In addition, the Court does not find the time and expense of traveling to Pittsburgh from New Jersey to be so seriously inconvenient as to be unreasonable. For the foregoing reasons, the Court finds that Plaintiff has not overcome the presumption of validity of the forum selection clause. As such the Court holds the forum selection clause is valid and enforceable.

### b. 28 U.S.C. §1404(a) Analysis

In ruling on a motion for transfer of venue under 28 U.S.C. §1404(a) a district court is to consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879. Where, as here, when a motion for transfer under §1404(a) involves a forum selection clause, while not dispositive per se, it is an important factor in the Court's analysis. Jumara, 55 F.3d at 880 ("Although the parties' agreement as to the most proper forum should not receive dispositive weight, it is entitled to substantial consideration."); see Wall Street Aubrey Golf, 189 Fed. App'x at 85 ("Forum selection clauses are entitled to great weight."). Indeed, a forum selection clause is "a significant factor that figures centrally" in a court's analysis under §1404(a). Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Section 1404(a) involves a multi-factor balancing test. Tessler & Weiss/Premesco, Inc. v. Sears Holding Mgmt. Corp., Civ. No. 09-1243 (DRD), 2009 WL 3335570, at *4 (D.N.J.

Oct. 15, 2009) (citing Jumara, 55 F.3d at 875). A court's §1404(a) analysis includes an evaluation of both "private" and "public" interests. The private interests to consider include (1) the "plaintiff's forum preference," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Jumara, 55 F.3d at 879 (citations omitted); Park Inn Int'l, L.L.C. v. Mody Enters., Inc., 105 F. Supp. 2d 370, 377 (D.N.J 2000).

### i. Plaintiff's Forum Preference

As demonstrated by the filing of this Complaint, Plaintiff's choice of forum is New Jersey. However, as the Third Circuit held in Jumara, deference to a plaintiff's choice of forum "is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." 55 F.3d at 880. Given that Plaintiff signed a valid agreement consenting to Pennsylvania's jurisdiction, the Court gives minimal weight to Plaintiff's choice of forum.

### ii. Defendant's Forum Preference

The CSA's forum selection clause indicates PNC's preference for Pennsylvania as a forum. As expressed in Defendants' moving papers, all sixteen (16) Defendants prefer Pittsburgh, Pennsylvania as the forum for this litigation. This factor therefore weighs in favor of transfer.

### iii. Forum Where Claims Arose

The parties dispute whether the claims primarily arose in New Jersey or

9

Pennsylvania. Plaintiff asserts the claims arose out of a contract which was mostly performed in New Jersey and points to the record but does not provide any specific facts or details. Defendants point to the CSA which states that the Agreement "will be deemed to be made in the Commonwealth of Pennsylvania." Defendants also note that most of the Complaint's allegations pertain to alleged conduct by PNC employees located in Pennsylvania, Ohio or Michigan. Since none of the PNC representatives that Plaintiff has named in the Complaint reside or work in New Jersey, and therefore none of the alleged wrongful conduct by PNC representatives took place in New Jersey, the Court finds this factor also weighs in favor of transfer.

### iv. Convenience of the Parties

Within the framework of the § 1404(a) multi-factor balancing test, "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." Jumara, 55 F.3d at 880. In this case, Plaintiff and Defendant PNC Bank agreed via the CSA's forum selection clause that Pittsburgh, Pennsylvania is the most convenient venue. The Court agrees with Defendants that Plaintiff cannot now contest that Pittsburgh is the most convenient forum. Indeed, "by signing a forum selection clause, a plaintiff is estopped from claiming inconvenience in that forum." Tessler & Weiss/Premesco, 2009 WL 3335570, at *7 (citing Park Inn Int'l, 105 F. Supp. 2d at 379 and Jumara, 55 F.3d at 880).

Plaintiff argues that the relative financial conditions of the parties demonstrate that New Jersey is the more convenient forum. Plaintiff points out that PNC is a large national bank which conducts business in New Jersey and Plaintiff is a small New Jersey enterprise run by one woman with seven fulltime employees. However, Plaintiff ignores the fact that fourteen of the Defendants named in Plaintiff's Complaint are individuals, all of whom

10

reside outside of New Jersey and most of whom reside in Pennsylvania. Given the forum selection clause and the fact that Plaintiff is the only New Jersey party and eleven of the Defendants are located in Pittsburgh, the Court finds this factor weighs in favor of transfer.

### v. Convenience of Witnesses

Plaintiff has named fourteen (14) present and former representatives of PNC as Defendants and, thus, as potential witnesses. All of these individuals reside outside of New Jersey and most of them reside in Pittsburgh. Therefore, the Court finds no basis to conclude that a witness would be unavailable for trial in Pittsburgh. Thus, this factor also weighs in favor of transfer.

### vi. Availability of Books and Records in the Alternative Forum

Most of the documents that are likely relevant to Plaintiffs claims relate to payments which PNC is alleged to have received directly from accounts that had been assigned to Plaintiff for collection efforts. Defendants assert that the majority of these documents are likely in PNC's possession and are largely located in Pittsburgh. To the extent that Plaintiff's business records located in New Jersey are relevant to this matter, the Court finds no reason why they could not be produced in Pittsburgh. Thus, this factor weighs in favor of transfer.

### vii. The Public Factors Also Favor Transfer to Pennsylvania

The public interests involved in a traditional §1404(a) analysis include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the

applicable state law in diversity cases." Jumara, 55 F.3d at 879-80; Park Inn Int'l, 105 F. Supp. 2d at 377.

None of these factors would weigh in favor of disregarding the forum selection clause agreed to by the parties. First, a judgment in this matter would be equally enforceable in the Western District of Pennsylvania or in the District of New Jersey. With respect to "practical considerations," the Western District of Pennsylvania is no less capable than this Court in efficiently handling commercial disputes. See Weight Loss Servs., LP v. Herbal Magic, Inc., Civil Action No. 11-3859, 2011 WL 4402103, at *5 (E.D.Pa. Sept. 22, 2011). With regard to "congestion," there is no indication that transfer of venue to the Western District of Pennsylvania would place an undue burden upon that court's docket. Finally, neither "local interests" nor the "public policies" of the two fora provide any reason to prefer that this case be litigated in this Court rather than in the Western District of Pennsylvania.

The Court finds that the CSA's forum selection clause providing for exclusive venue in Pittsburgh, Pennsylvania is valid and enforceable. In addition, the Court finds that the 1404(a) factors relevant to a motion to transfer analysis weigh in favor of transferring this case to the Western District of Pennsylvania. As such, Defendants' motion for transfer is granted. As this case is no longer within this Court's jurisdiction, Defendants' motion to dismiss is to be considered by the transferee court and is therefore denied without prejudice by this Court. The Court also notes that in Plaintiff's moving papers, Plaintiff has voluntarily dismissed all claims against the following Defendants: Amanda Heinz, Matthew Boyer, William Williams, Randal Costanza and Steven Khoury. (Pl.'s Opp'n to Def's Mot. for Partial Dismissal n. 2, June 3, 2013, ECF No. 13). These Defendants are therefore dismissed from the case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is **granted** and Defendants' motion for partial dismissal is **denied without prejudice.** The following Defendants are dismissed from the case: Amanda Heinz, Matthew Boyer, William Williams, Randal Costanza and Steven Khoury. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: December 23, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File

13